UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| GEORGE E. LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-1243 |
| | ) | |
| CHRISTOPHER SCHACHTRUP, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently detained at Peoria County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Peoria County Jail officials have not responded adequately to his grievances or that they are otherwise obstructing his ability to utilize the grievance process. Plaintiff also suggests that he is not receiving a "heart healthy diet" that had been prescribed by a nurse or medications appropriate for his undisclosed medical conditions.

"[G]rievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). The Prison Litigation Reform Act (PLRA) requires detainees to exhaust all available remedies prior to filing suit, but the Act does not require them to exhaust administrative remedies that have become unavailable. *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) ("An inmate…must exhaust available remedies, but need not exhaust unavailable ones."). If, as Plaintiff alleges, officials at his present place of confinement have frustrated his abilities to utilize the grievance process, the alleged conduct relieves Plaintiff of his duty to pursue any step officials have made unavailable without implicating any constitutional rights Plaintiff may have. Plaintiff does not have a constitutional right to an investigation into his complaints. *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015). Plaintiff's allegations regarding his medical care and medication are too sparse for the Court to find that he states a claim.

The Court finds that Plaintiff fails to state a claim upon which relief may be granted. Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff filed a Motion to Request Counsel [4]. Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or**

**been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. Plaintiff's motion [4] is DENIED with leave to renew.**

Entered this 11th day of October, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
